THE STATE, EX REL. KAY, APPELLANT, *v.* CITY OF CLEVELAND ET AL., APPELLEES.

(No. 70-687—Decided June 30, 1971.)

*Mr. Richard B. Kay* and *Mr. Robert R. Soltis,* for appellant.

*Mr. Clarence L. James, Jr.,* director of law, *Mr. Thomas A. Smith* and *Mr. Walter E. Carson,* for appellees.

*Per Curiam.* Pursuant to an appeal from the denial of a writ of mandamus by the Court of Appeals, appellant is before this court on an appeal as a matter of right. The petition seeks a writ of mandamus to issue against appellees compelling them to permit appellant to use the city-owned William Ganson Rose Memorial Bandshell located on the southwest quadrant of Cleveland's Public Square,

together with chairs and an electrical outlet, for the opening of appellant's campaign on June 19, 1970, for United States Senator on the American Independent ticket.

The cause was submitted to the Court of Appeals on the pleadings, the stipulations and the briefs filed therein. The Court of Appeals denied the writ, finding that there was no duty specially enjoined by law on appellees to grant the requested permit. On July 27, 1970, the Court of Appeals struck appellant's application for findings of fact and conclusions of law for the reasons that (1) the cause was submitted to the court on the written stipulations, and (2) the prayer of the petition being to compel the appellees to grant a permit for a specific day, to wit, June 19, 1970, the question was then moot.

Appellant contends that even though the date for permission to use the bandstand shell has passed, the city may not refuse to grant a permit to a candidate for public office to use the city-owned facility in order to make a political speech.

In considering this appeal, we are limited solely to the issue raised in the Court of Appeals by the pleadings and the stipulation of facts. The petition and stipulation relate to a single issue, i. e., permission to use the bandstand with its facilities on June 19, 1970.

The finding of the Court of Appeals was proper in holding that the primary basis of appellant's cause, as stated in the petition and stipulations, was to obtain permission to use the bandshell on June 19, 1970. Therefore, the question raised is moot.

In this court, appellant contends that, even if the matter of the request for usage of the city-owned facility for a date certain renders that issue moot, the refusal of the appellees to permit him usage of the bandshell area is a denial of his constitutional right of free speech and assembly. That contention is without merit.

This particular claim was not made in either appellant's petition or brief, nor does it appear in the stipulations entered into by the parties.

Appellant sought judicial relief by instituting this suit in mandamus. To entitle him to obtain this extraordinary remedy it must appear that there is no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Stanley,* v. *Cook* (1946), 146 Ohio St. 348; paragraph three of the syllabus in *State, ex rel. Cincinnati,* v. *Miller* (1948), 149 Ohio St. 45, 48; *State, ex rel. Libbey-Owens Ford Glass Co.,* v. *Indus. Comm.* (1954), 162 Ohio St. 302; paragraph two of the syllabus in *State, ex rel. Sibarco Corp.,* v. *Berea* (1966), 7 Ohio St. 2d 85. Such showing that there is an absence of a plain and adequate remedy at law includes both legal and equitable remedies. Paragraph four of the syllabus in *State, ex rel. Stanley,* v. *Cook, supra.*

In his petition appellant alleges that to deny him permission to use the facilities as requested is an abuse of discretion by the respondents and is a denial to the relator of the equal protection of the laws to which he is entitled; that he has no other adequate remedy at law.

No facts are pleaded in the petition to support that allegation, nor do the stipulated facts offer any support for the claim.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.