THE STATE, EX REL. GIBSON, APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Gibson, *v.* Indus. Comm. (1988), 39 Ohio St. 3d 319.]

(No. 87-634—Submitted July 27, 1988—Decided November 16, 1988.)

*Gallon, Kalniz & Iorio Co., L.P.A.,*
and *William R. Menacher,* for appellant.

*Bugbee & Conkle, Warren Wolfe*
and *Robert L. Solt III,* for appellee
Jeep Corporation.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James A. Barnes,* for appellee Industrial Commission.

*Per Curiam.* Appellant's sole proposition before this court is that the commission's assumption of jurisdiction over an issue that she did not intend to relitigate violated her right to due process of law. We hold that this issue was not raised previously, and therefore has been waived. See *State* v. *Awan* (1986), 22 Ohio St. 3d 120, 22 OBR 199, 489 N.E. 2d 277, syllabus; *Blausey* v. *Stein* (1980), 61 Ohio St. 2d 264, 15 O.O. 3d 268, 400 N.E. 2d 408; *F. Enterprises* v. *Kentucky Fried Chicken Corp.* (1976), 47 Ohio St. 2d 154, 1 O.O. 3d 90, 351 N.E. 2d 121.

Appellant unsuccessfully attempts to distinguish these and similar cases cited by appellees, contending that the case at bar, unlike those noted above, is a mandamus action. She argues that the present issue is before this court as if originally filed here, and thus her due process argument is not waived. However, in *State, ex rel. Kay,* v. *Cleveland* (1971), 27 Ohio St. 2d 37, 56 O.O. 2d 21, 271 N.E. 2d 784, an appeal from a denial of a writ of mandamus, we relied on a waiver theory in refusing to consider a newly proffered free-speech argument.

Accordingly, the judgment of the court of appeals denying the writ is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.