THE STATE, EX REL. DOERSAM, APPELLEE, *v.*
INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as State, ex rel. Doersam, *v.* Indus. Comm. (1988), 40 Ohio St. 3d 201.]

(No. 88-51—Submitted October 4, 1988—Decided December 30, 1988.)
(Rehearing granted February 22, 1989.)

*Ward, Kaps, Bainbridge, Maurer, Bloomfield & Melvin* and *William J. Melvin,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Merl H. Wayman* and *Gerald H. Waterman,* for appellant.

*Per Curiam.* R.C. 4123.59(B) provides for death benefits to specified relatives of a decedent worker. Its pertinent provisions are:

"In case an injury to or an occupational disease contracted by an em-

ployee causes his death, benefits shall be in the amount and to the persons following:

"* * *

"(B) If there are wholly dependent persons at the time of the death, the weekly payment shall be sixty-six and two-thirds per cent of the average weekly wage, but not to exceed a maximum aggregate amount of weekly compensation which is equal to sixty-six and two-thirds per cent of the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code, and not in any event less than a minimum amount of weekly compensation which is equal to fifty per cent of the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code, regardless of the average weekly wage; *provided however, that if the death is due to injury received or occupational disease first diagnosed after January 1, 1976, the weekly payment shall be sixty-six and two-thirds per cent of the average weekly wage but not to exceed a maximum aggregate amount of weekly compensation which is equal to the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code; provided that when any claimant is receiving total disability compensation at the time of death the wholly dependent person shall be eligible for the maximum compensation provided for in this section. * * *"* (Emphasis added.)

The italicized language was added by Am. Sub. H.B. No. 714, effective January 1, 1976. That amendment boosted the ceiling of possible benefits to one hundred percent of the statewide average weekly wage for claimants whose decedent was (1) injured after 1976, or (2) on total disability regardless of when the injury occurred. If the decedent was injured before 1976 and was not on total disability, as was the case with Mr. Doersam, then claimants are relegated to a maximum death benefit of two thirds of the SAWW. The issue, therefore, is whether the amount of death benefits for wholly dependent claimants can be controlled by the particular classification of the claimants' decedent by date of decedent's injury and by degree of disability at death and whether this classification violates the Equal Protection Clauses of the Ohio and federal Constitutions.

All laws, including those dealing with workers' compensation, are subject to the limitations imposed by the Equal Protection Clauses of the Ohio and United States Constitutions. Those limitations are essentially identical. *Kinney* v. *Kaiser Aluminum & Chemical Corp.* (1975), 41 Ohio St. 2d 120, 122-123, 70 O.O. 2d 206, 207-208, 322 N.E. 2d 880, 882-883. See *Porter* v. *Oberlin* (1965), 1 Ohio St. 2d 143, 30 O.O. 2d 491, 205 N.E. 2d 363; *State, ex rel. Struble,* v. *Davis* (1937), 132 Ohio St. 555, 8 O.O. 552, 9 N.E. 2d 684. While the legislature may pass legislation that classifies persons, the "[e]qual protection of the laws requires the existence of reasonable grounds for making a distinction between those within and those outside a designated class." *State, ex rel. Nyitray,* v. *Indus. Comm.* (1983), 2 Ohio St. 3d 173, 175, 2 OBR 715, 717, 443 N.E. 2d 962, 964, citing *State* v. *Buckley* (1968), 16 Ohio St. 2d 128, 45 O.O. 2d 469, 243 N.E. 2d 66, paragraph three of the syllabus; *Porter, supra,* at paragraph two of the syllabus.

"Unless a statute provokes 'strict judicial scrutiny' because it interferes with a 'fundamental right' or discriminates against a 'suspect class,' it will ordinarily survive an equal protection attack so long as the challenged classification is rationally related to a legitimate governmental purpose."

*Kadrmas* v. *Dickinson Pub. Schools* (1988), 487 U.S. ___, ___, 101 L. Ed. 2d 399, 409, 108 S. Ct. 2481, 2487. R.C. 4123.59(B) does not require this court to use heightened or strict scrutiny. Consequently, that statute is presumptively rationally related to legitimate social and economic goals, unless the "varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were irrational." *Vance* v. *Bradley* (1979), 440 U.S. 93, 97.

Courts look to the purpose of a statutory scheme in order to determine the rationality of an applicable statute. The workers' compensation scheme was established to provide "compensation to workmen and their dependents, for death, injuries or occupational disease * * *." Section 35, Article II of the Ohio Constitution. R.C. 4123.59(B) requires all claimants to be "wholly dependent persons at the time of the death" of the decedent worker.

In *Nyitray, supra,* this court stated that "death benefits to dependents stand alone and are uniform for all who meet the same qualifications." *Id.* at 176, 2 OBR at 718, 443 N.E. 2d at 965. This court previously held in *Kinney, supra,* that the statutory prerequisites in the then-current version of R.C. 4123.59, which required three separate and independently sufficient jurisdictional prerequisites, existed primarily for administrative ease. The conclusive presumptions of those requirements which arbitrarily eliminated claimants were held to be unconstitutional because they violated the Equal Protection Clause. Consequently, those presumptions were stricken from the statute.

We think that a similar analysis and result are warranted in this case.

The commission argues that the present scheme is rationally related to the goal of providing greater assistance to the claimants most in need. However, that particular linkage of need and compensation is not evident under the statutory framework before us. For example, a permanently and totally disabled employee and his family incur the same absolute loss of earning capacity as a deceased employee. R.C. 4123.58 sets forth a flat benefit calculation which applies to all claimants regardless of the date of injury or the prior receipt of benefits. Death awards under R.C. 4123.59(B), the statute at issue in this case, are the only form of compensation in the workers' compensation scheme which do not calculate benefits uniformly as to all claimants. The present version of that statute focuses on the presumed needs of the claimants. It assumes that claimants who were totally dependent upon decedents who were injured after 1976 or who were drawing total disability benefits have greater needs after the death of the worker than dependents of partially disabled workers who were injured before 1976. However, both classes of dependents suffer the same loss, that is, the cessation of all earning capacity of the worker upon whom they relied for support. The statute's classifications and presumptions also assume that anyone who is not drawing total disability at the time of his death was working. This assumption ignores those workers who were incapable of returning to their former jobs, who had temporary total compensation terminated due to permanency or who have been denied permanent total disability thus receiving neither wages nor compensation. Likewise, the differentiation based upon date of injury of the decedent does not explain why the dependents of a decedent injured before 1976 would experience

any less hardship than dependents of decedents injured after January 1, 1976. Again, the absolute loss of income from the death of the decedent worker is identical.

The only possible justification for the classification of claimants under R.C. 4123.59(B) is to further the legitimate governmental objective of ensuring the financial stability of the State Insurance Fund. The same argument was struck down in *Nyitray, supra,* where this court held that "conserving funds is not a viable basis for denying compensation to those entitled to it." *Id.* at 178, 2 OBR at 719, 443 N.E. 2d at 966.

Thus, we conclude that the classification scheme presently in effect in R.C. 4123.59(B) unconstitutionally differentiates between claimants who are wholly dependent upon their decedent. Accordingly, the language added by the 1976 amendment of the statute is hereby severed pursuant to R.C. 1.50 which provides for partial invalidation of any statute found unconstitutional. Thus, the court must invalidate those portions of the statute which raise the benefit ceiling to one hundred percent of the SAWW for certain dependents. Attempts by this court to raise appellee's class ceiling to one hundred percent of the SAWW would appear to be a legislative function. With the offending provisions removed, the statute reverts to the pre-1976 language which provided for an upper limit of benefits for all dependents of sixty-six and two-thirds percent of the SAWW.

The language of R.C. 4123.59(B) provides that the award *shall be* calculated at sixty-six and two-thirds percent of the decedent's average weekly wage ("AWW"). The reference to the SAWW acts only as an upper limit, and so long as the sixty-six and two-thirds percent of the decedent's AWW does not exceed the applicable maximum, there is no rate adjustment. There is no provision for an automatic increase to the maximum possible under the statute when the sixty-six and two-thirds percent of the decedent's AWW falls below that figure. The maximum compensation provision provides only that dependents shall be eligible for compensation, not that they shall be paid the maximum possible. *Zupp* v. *Youngstown Fire Dept.* (1988), 37 Ohio St. 3d 202, 525 N.E. 2d 9.

In light of the above, appellee is entitled to a maximum of sixty-six and two-thirds percent of the SAWW, which amounts to $214. Appellee was awarded this amount by the commission. The decedent's AWW exceeded the ceiling amount allowed under the statute. Appellee was therefore awarded the maximum amount payable under the provisions of the statute.

For the foregoing reasons, the judgment of the court of appeals granting the writ of mandamus is affirmed with respect to the holding that the classification of claimants under R.C. 4123.59(B) violates the Equal Protection Clause, but is reversed with respect to the court of appeals' decision granting appellee one hundred percent of the SAWW. The commission's award of $214 is hereby reinstated.

*Judgment affirmed in part*
*and reversed in part.*

LOCHER and WRIGHT, JJ., concur.

SWEENEY, HOLMES and H. BROWN, JJ., concur in judgment only.

MOYER, C.J., dissents in part and concurs in part.

DOUGLAS, J., dissents.

MOYER, C.J., dissenting in part

and concurring in part. I respectfully dissent from the judgment of the majority declaring R.C. 4123.59(B) unconstitutional. I concur in that part of the majority's judgment that reverses the court of appeals' order granting appellee one hundred percent of the SAWW and reinstates the commission's award of $214 per week.

In *Caruso* v. *Aluminum Co. of America* (1984), 15 Ohio St. 3d 306, 15 OBR 439, 473 N.E. 2d 818, this court invalidated a state plan of classification of persons affected by legislation because the classification was not rationally related to some state objective. When applying the presumption of constitutionality, as we must, see *Vance* v. *Bradley* (1979), 440 U.S. 93, to R.C. 4123.59(B) and upon considering the rationale for the classifications at issue here, I conclude that the General Assembly acted within its constitutional authority when it adopted the recommendations of the National Commission on State Workmen's Compensation Laws in its amendments to R.C. 4123.59(B), effective January 1, 1976. The adoption of an enhanced schedule of benefits to dependents of deceased workers who were injured after 1976 is a legitimate purpose of legislation. The assertions of the majority notwithstanding, there is nothing in the workers' compensation law that prevents the General Assembly from determining that dependents of injured workers who were permanently and totally disabled are eligible for a different level of benefits than dependents of injured workers who had not been determined to be permanently and totally disabled. I believe the General Assembly has the authority to conclude that there is a greater financial need in dependents of deceased workers who were receiving permanent total disability benefits than dependents of deceased workers who were not receiving permanent total disability benefits.

Creation of the classification as a result of these conclusions bears a reasonable relationship between the state objective and the purpose of the workers' compensation laws. I would therefore hold R.C. 4123.59(B) to be constitutional.