THE STATE, EX REL. TRUSLOW, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Truslow, *v.* Indus. Comm. (1991), 58 Ohio St. 3d 100.]

(No. 90-105—Submitted November 27, 1990—Decided March 20, 1991.)

Elliott, Heller & Maas Co., L.P.A.,
Rush E. Elliott and Richard L. McGill;
Stewart Jaffy & Associates Co., L.P.A.,
and Stewart R. Jaffy, for appellant.

Lee I. Fisher, attorney general,
Michael L. Squillace and Peter E.
DeMarco, for appellee Industrial Com-
mission.

Henderson, Covington, Stein, Don-
chess & Messenger and Christopher J.
Newman, for appellee Austintown
Township Trustees.

Per Curiam. We are asked to
review the commission's calculation of
decedent's average weekly wage. For
the reasons to follow, we find that the
wage was properly set.

R.C. 4123.59 states:

"In case an injury * * * to an
employee causes his death, benefits
shall be in the amount and to the per-
sons following:

"* * *

"(B) If there are wholly depen-
dent persons * * *, the weekly pay-
ment shall be sixty-six and two-thirds
percent of the average weekly wage
* * *."

Appellant's contention that the
AWW should be based on wages for
the year preceding death is negated by
R.C. 4123.61, which provides in part:

"In death claims * * * the dece-
dent's average weekly wage for the
year preceding the injury * * * shall be
the weekly wage upon which compen-
sation shall be based. * * *" (Emphasis
added.)

Contrary to appellant's represen-
tation, the fact that a dependent's
cause of action does not accrue until
decedent's death does not transform
the AWW formula of R.C. 4123.61 into
one based on pre-death earnings. A
dependent's right to participate in
workers' compensation benefits is
"wholly statutory." State, ex rel.
Bessler, v. Indus. Comm. (1952), 157
Ohio St. 297, 299, 47 O.O. 179, 180,
105 N.E. 2d 264, 266; Indus. Comm. v.
Kamrath (1928), 118 Ohio St. 1, 160
N.E. 470, paragraph one of the
syllabus. Moreover, Kamrath ruled, at
paragraph two of the syllabus, that:

"The provisions of the General
Code relating to compensation of * * *
the dependents of killed employees in
force at the time the cause of action ac-
crues are the measure of the right of
such employees and dependents to par-
ticipate in the state insurance fund."

Here, the Revised Code sections
"in force at the time the cause of action
accrue[d]" clearly state that the AWW
for death claims is calculated based on
wages for the year preceding injury.
Appellant's entreaty that we liberally
construe R.C. 4123.61, citing R.C.
4123.95, is misplaced. "A direction to
liberally construe a statute in favor of
certain parties will not authorize a
court to read into the statute
something which cannot reasonably be
implied from the language of the
statute." Szekely v. Young (1963), 174
Ohio St. 213, 218, 22 O.O. 2d 214, 217,

188 N.E. 2d 424, 428. As to R.C. 4123.61:

"The statute fixing the average weekly wage at the time of injury as the basis of compensation is about as plain as language can make it." *State, ex rel. Kildow, v. Indus. Comm.* (1934), 128 Ohio St. 573, 581, 1 O.O. 235, 238, 192 N.E. 873, 876. Accordingly, we find that the accrual date of a dependent's cause of action does not change the computational formula of R.C. 4123.61.

Appellant also argues that calculation of AWW based on wages for the year prior to injury as applied to her violates equal protection. The commission initially contests appellant's right to make this argument, claiming that it was not previously raised. We disagree, finding that equal protection implications, while not precisely articulated, were evident below and therefore preserved appellant's constitutional challenge. See, generally, *In re M.D.* (1988), 38 Ohio St. 3d 149, 527 N.E. 2d 286.

Examined on its merits, however, appellant's equal protection argument fails. She maintains that dependents of decedents who die immediately from an industrial injury receive an AWW based on wages for the year prior to death, while all others, like herself, have the AWW based on wages for the year prior to injury. Appellant contends that this is discriminatory treatment with no rational relationship to a legitimate government purpose.

Contrary to appellant's representation, however, no disparate treatment exists here. *All* AWWs are based on wages for the year prior to injury. Appellant overlooks the obvious: Where injury and death are simultaneous, wages for the year preceding death and injury will be the same. This does not, however, mean that two different calculations are being used.

Appellant's reliance on *State, ex rel. Doersam, v. Indus. Comm.* (1989), 40 Ohio St. 3d 201, 533 N.E. 2d 321, is misplaced. First, *Doersam* involved the benefit cap of R.C. 4123.59(B), which is not at issue here. Moreover, in *Doersam* the relevant provision clearly set forth two different benefit categories based on decedent's date of injury: Dependents of decedents injured before January 1, 1976 were limited to a maximum of two thirds of the statewide average weekly wage, while others could get one hundred percent of the same figure. Here, there is no comparable distinction — the statute directs that *all* dependents receive benefits based on earnings in the year prior to injury.

Appellant finally proposes that the lengthy period preceding decedent's death and his continued employment therein is a "special circumstance" that warrants an alternative calculation pursuant to R.C. 4123.61. We find, however, that appellant has waived this argument by failing to raise it, even in general terms, below. *State, ex rel. Gibson, v. Indus. Comm.* (1988), 39 Ohio St. 3d 319, 530 N.E. 2d 916.

For these reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.