JOURNAL ENTRY AND OPINION
The pro se appellant, Linda Wallace, appeals from the judgment of the Cuyahoga County Court of Common Pleas in which the lower court granted the appellees' motions for summary judgment on the merits and appellee City of Rocky River's motion to declare Wallace a vexatious litigator, pursuant to R.C. 2323.52. For the following reasons, the appellant's appeal is not well taken.
The instant matter stems from two separate but eventually consolidated lawsuits filed by the appellant. The lawsuits alleged tortious conduct by the various defendants. Specifically, the appellant claimed malicious prosecution, false arrest and libel against the City of Rocky River, its officials and various employees. The appellees filed for summary judgment on the merits, which the lower court granted.[1]
On March 15, 2001, the City of Rocky River filed a motion to declare Wallace a vexatious litigator, pursuant to R.C. 2323.52, as she had filed no less than 58 lawsuits in the Cuyahoga County Court of Common Pleas since the late 1970's. The defendant parties to these lawsuits ranged from local mayors, police officers, and prosecutors to social workers, judges, local hospitals and the Department of Children and Family Services. Wallace never filed a brief in opposition to the vexatious litigator motion, and on August 3, 2001, the lower court granted the motion on behalf of the City of Rocky River.
This instant appeal stems from the lower court's declaring Wallace a vexatious litigator, pursuant to R.C. 2323.52. The appellant presents eight convoluted errors for this court's review, as follow:[2]
 I. THE JUDGE ERRED IN DECLARING THE APPELLANT A VEXATIOUS LITIGATOR, AND MAKING THAT RULING WHEN THE APPELLANT WAS ON APPEAL IN THE CASE IN THE OHIO SUPREME COURT.
 II. THE JUDGE ERRED IN ORDERING THE APPELLANT NOT TO OBJECT DURING THE DEPOSITION.
 III. THE JUDGE ERRED IN ALLOWING AND USINS AS EVIDENCE THE DEPOSITION OF APPELLANT TO DETERMINE IF APPELLANT WAS A VEXATIOUS LITIGATOR WHEN IT WAS IMPROPERLY FILED WITH THE COURT WITHOUT THE APPELLANT HAVING A CHANCE TO READ AND SIGN IT.
 IV. THE JUDGE ERRED IN NOT ALLOWING A HEARING AS REQUESTED BY APPELLANT TO DECLARE APPELLANT A VEXATIOUS LITIGATOR.
 V. THE JUDGE ERRED BY ALLOWING THE APPELLEES TO ATTACH EXHIBIT TO THE DEPOSITION, AND PRIMARILY BY FILING THE DEPOSITION WITHOUT GIVING THE APPELLANT AN OPPORTUNITY TO READ IT, AND SIGN IT AS REQUESTED BY THE APPELLANT WITHIN THE PROPER TIME LIMIT. AFTER IT HAD ALREADY BEEN FILED WITH THE COURT, THE COURT REPORTER FIRM WROTE A LETTER TO THE APPELLANT THAT ARRAIGNMENTS HAD BEEN MADE FOR APPELLANT TO SIGN HER DEPOSITION. HOWEVER, IT HAD ALREADY BEEN FILED WITH THE COURT, AND THE DAMAGE WAS ALREADY DONE TO THE APPELLANT.
 VI. THE JUDGE ERRED BECAUSE THE APPELLANT DIDN'T MEET ANY OF THE REQUIREMENTS OF A VEXATIOUS LITIGATOR, THE APPELLANT DIDN'T HAVE CONDUCT THAT HARASSED OR MALICIOUSLY INJURED ANOTHER PARTY TO THE CIVIL ACTION. IN FACT, THE APPELLEES HARASSED, AND MALICIOUSLY INJURED THE APPELLANT, AND HER FAMILY.
 VII. THE JUDGE ERRED IN ALLOWING THE CONSTITUTIONAL RIGHTS OF APPELLANT TO BE TAKEN AWAY UNDER THE AMERICAN CONSTITUTION GUARANTEEING RIGHTS UNDER THE CONSTITUTION, AND ERRED IN VIOLATING THE RIGHTS OF APPELLANT UNDER THE CAPITALISM SYSTEM OF GOVERNMENT.
 VIII. THE APPELLANT DIDN'T MEET THE REQUIREMENTS OF A VEXATIOUS LITIGATOR UNDER 2323.52. THE APPELLAND DID HAVE A GOOD FAITH ARGUMENT FOR AN EXTENSION, MODIFICATION, OR REVERSAL OF EXISTING LAW, AND ALSO THE CONDUCT WASN'T FIR THE PURPOSE OF DELAY. ALSO, THE APPELLANT'S PRO S.E. CASES WASN'T IMPOSED SOLELY FOR DELAY. ALSO, THE U.S. HAINES VS. KERNER CASE SHOULD BE GIVEN STRONG CONSIDERATION FOR A PRO S.E. COMPLAINT.
For the following reasons, the appellant's assignments of error are without merit.
A review of the record reveals that the appellant failed to object in the trial court to any of the issues contained in the preceding eight assignments of error. Because the appellant has failed to object to the instant issues at the lower court, this court need not address any of her assignments of error. "Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed." Goldberg v. Indus. Comm. (1936), 131 Ohio St. 399, 404, 6 Ohio Op. 108, 110, 3 N.E.2d 364, 367. See, also, State ex rel. Moore v. Indus. Comm. (1943), 141 Ohio St. 241, 25 Ohio Op. 362, 47 N.E.2d 767, paragraph three of the syllabus; State ex rel. Gibson v. Indus. Comm. (1988),39 Ohio St.3d 319, 320, 530 N.E.2d 916, 917. Nor do appellate courts have to consider an error which the complaining party "could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Williams (1977), 51 Ohio St.2d 112, 117, 5 Ohio Op.3d 98, 101,364 N.E.2d 1364, 1367.
The Williams court stated,
These rules are deeply embedded in a just regard for the fair administration of justice. They are designed to afford the opposing party a meaningful opportunity to respond to issues or errors that may affect or vitiate his or her cause. Thus, they do not permit a party to sit idly by until he or she loses on one ground only to avail himself or herself of another on appeal. In addition, they protect the role of the courts and the dignity of the proceedings before them by imposing upon counsel the duty to exercise diligence in his or her own cause and to aid the court rather than silently mislead it into the commission of error. Id.,51 Ohio St.2d at 117, 5 Ohio Op.3d at 101, 364 N.E.2d at 1367. See, also, State v. Driscoll (1922), 106 Ohio St. 33, 38-39, 138 N.E. 376,378.
Although the appellant is a pro se litigant, she must still adhere to the basic tenants of civil procedure. Ignorance of the law is no excuse, and Ohio courts are under no duty to inform civil pro se litigants of the law. * * * Jones Concrete, Inc. v. Thomas, (Dec. 22, 1999), Medina App. No. 2957-M. Pro se litigants must accept the results of their errors and are "presumed to have knowledge of the law and of correct legal procedure, and [are] held to the same standard as all other litigants." Id., citing Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357,363, 676 N.E.2d 171, 174, and Meyers v. First Natl. Bank (1981),3 Ohio App.3d 209, 210, 444 N.E.2d 412, 413.
In the case at hand, the appellant never opposed the City's motion to declare her a vexatious litigator. The lower court granted the motion some four months after it had initially been filed. In light of the fact that the appellant has filed no less than 58 lawsuits in the Cuyahoga County Court of Common Pleas, this court is left to conclude that she knew of the necessity to respond to the pending motion. Further, in reviewing the assignments of error the appellant now raises on appeal, the record reveals that she failed to object to any of these issues at the lower court. Therefore, this court declines to review said errors since each and every issue should have been presented at the lower court. The appellant cannot sit idly by and fail to object to the lower court's rulings and now seek satisfaction from this court. To allow the appellant to do so would make a mockery of established judicial procedure. As such, the appellant's appeal is without merit.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J., CONCURS. COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY.
[1] The appellant appealed the lower court's award of summary judgment, which this court dismissed as premature because various motions remained pending before the lower court. Vol. 2615. Pgs. 0103-0104. Additionally, the Ohio Supreme Court declined jurisdiction as not involving any substantial constitutional question.
[2] The appellant's assignments of error are reproduced verbatim, including grammatical and spelling errors, in an effort to clearly reflect the appellant's intent in asserting the instant appeal.