THE STATE EX REL. MARION COUNTY NORTH CENTRAL OHIO REHAB CENTER, APPELLEE, v. SNARE, APPELLANT; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Marion Cty. N. Cent. Ohio Rehab Ctr. v. Snare,* 105 Ohio St.3d 369, 2005-Ohio-2164.]

(No. 2004-0692—Submitted March 8, 2005—Decided May 18, 2005.)

_____

Per Curiam.

{¶ 1} On January 4, 1999, appellant-claimant, Tracy Snare, injured her back while working as a rehabilitation advisor for Marion County North Central Ohio Rehab Center ("North Central"). She returned to work but resigned on November 23, 1999, because of concerns with work policy and administration.

{¶ 2} The following summer, claimant asked appellee Industrial Commission of Ohio for temporary total disability compensation ("TTC") beginning January 1, 2000. On October 31, 2000, a staff hearing officer ("SHO") denied her request in

an order that made two important determinations. It first declared that claimant's departure from North Central was not injury-induced and was, therefore, voluntary. That finding, in turn, triggered the second determination, whether *State ex rel. Baker v. Indus. Comm.* (2000), 89 Ohio St.3d 376, 732 N.E.2d 355, applied, which was ultimately resolved in North Central's favor.

{¶ 3} *Baker* changed TTC law by extending TTC eligibility to a category of claimants to whom it had previously been foreclosed—claimants who had voluntarily left the job at which they were injured. Specifically, it held:

{¶ 4} "When a claimant who is medically released to return to work following an industrial injury leaves his or her former position of employment to accept another position of employment, the claimant is eligible to receive temporary total disability compensation pursuant to R.C. 4123.56(A) should the claimant reaggravate the original industrial injury while working at his or her new job." Id. at syllabus.

{¶ 5} The SHO found that *Baker* did not control because (1) claimant did not resign in order to take another job and (2) claimant's reaggravation occurred at home and not on the job. TTC was accordingly denied. The parties agree that the order became final, although the record does not show whether by claimant's failure to appeal or by the commission's refusal to accept her appeal.

{¶ 6} Claimant's workers' compensation claim was later additionally allowed for a psychiatric condition. On May 30, 2002, claimant moved for TTC based on this new condition. In a physician's report in claimant's C–84 application, Dr. J.T. Spare certified that claimant's psychiatric condition prevented her from returning to her job at North Central from May 9, 2002, through at least October 1, 2002.

{¶ 7} A district hearing officer denied claimant's motion after finding that the issue of further TTC was rendered res judicata by the October 31, 2000 SHO order. A second staff hearing officer reversed and awarded TTC, after finding, in effect, that claimant's departure from North Central had been injury-induced and not voluntary as held by the October 31, 2000 order:

{¶ 8} "The order of 10/31/2000 did not find an abandonment of the former position of employment or the labor force but is entirely consistent with an injured worker who is psychologically unbalanced as is now recognized by the anxiety disorder condition newly allowed."

{¶ 9} TTC was paid pursuant to that order. Further controversy arose in late 2002 as the parties debated whether claimant's psychiatric condition had reached maximum medical improvement ("MMI"). The commission eventually determined that MMI had not been attained and continued TTC.

{¶ 10} North Central petitioned the Court of Appeals for Franklin County for a writ of mandamus ordering the commission to vacate its orders and issue a new order denying TTC. North Central argued that the issue of further TTC was

rendered res judicata by the October 31, 2000 SHO order. It asserted that because claimant had not appealed the finding that *Baker* did not control, her voluntary departure foreclosed TTC. North Central stressed that claimant had not contested the findings (1) that she had not left North Central to take another job and (2) that she had not reaggravated her injury at another job.

{¶ 11} Claimant, in her court of appeals brief, disagreed with the allegation of res judicata and repeated the SHO's reasoning that her departure really had been involuntary and did not bar TTC. By this time, this court had decided *State ex rel. McCoy v. Dedicated Transp., Inc.*, 97 Ohio St.3d 25, 2002-Ohio-5305, 776 N.E.2d 51, which extended *Baker*'s reasoning to any voluntary departure from the former position of employment, regardless of reason. Claimant, however, never mentioned the case, nor did she allege that she had taken another job after leaving North Central.

{¶ 12} The magistrate agreed with North Central that the issue was res judicata and that claimant was ineligible for TTC "until such time as claimant can demonstrate that she has reentered the workforce, and that, due to the industrial injury, she had become temporarily and totally disabled." In her objections to the report, claimant again did not raise *McCoy* or allege that she had gotten other work after leaving North Central. The court of appeals adopted the report in full.

{¶ 13} Claimant now appeals to this court as a matter of right.

{¶ 14} Claimant criticizes the magistrate's report, and with it the judgment of the court of appeals, because it proceeded from the premise that claimant had never secured other employment after leaving North Central. Claimant relies on two medical reports (only one of which is in evidence) that make passing references to a stint as a Meijer's cashier from approximately November 2000 through July 2001. She claims that because she secured other work, TTC is payable under *Baker* and *McCoy*.

{¶ 15} We decline to address this argument under the doctrine of waiver. Concededly, *McCoy*—which established the basis for claimant's potential TTC eligibility—was decided after administrative proceedings concluded in this case. Nevertheless, claimant could have raised *McCoy*'s issue of post–North Central employment before the court of appeals, most notably in her objections to the magistrate's report. She did not, and accordingly we deem this argument to be waived. See *State ex rel. Gibson v. Indus. Comm.* (1988), 39 Ohio St.3d 319, 320, 530 N.E.2d 916.

{¶ 16} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Gibson & Robbins–Penniman and J. Miles Gibson, for appellee Marion County North Central Ohio Rehab Center.

Law Office of Stanley R. Jurus and John R. Workman, for appellant.

Jim Petro, Attorney General, and William J. McDonald, Assistant Attorney General, for appellee Industrial Commission.