[Cite as *Pinnix v. Marc Glassman, Inc.*, 2012-Ohio-3263.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 97998 and 97999**

# DLYDIA PINNIX

PLAINTIFF-APPELLANT

vs.

# MARC GLASSMAN, INC., D.B.A. MARC'S, ETC.

DEFENDANT-APPELLEE

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-761163

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** July 19, 2012

**ATTORNEYS FOR APPELLANT**

Gregory S. Costabile
Nicholas E. Phillips
Phillips, Mille & Costabile Co., L.P.A.
7530 Lucerne Drive
Suite 200
Middleburg Heights, OH   44130


**ATTORNEY FOR APPELLEE**

Lisa S. Friedman
Schulman, Schulman & Meros
23240 Chagrin Blvd., Suite 180
Beachwood, OH   44122

SEAN C. GALLAGHER, J.:

{¶1} In this consolidated appeal, plaintiff-appellant, Dlydia Pinnix, appeals the decisions of the Cuyahoga County Court of Common Pleas that (1) granted defendant-appellee Marc Glassman, Inc.'s ("Marc's") motion to compel, and (2) denied Pinnix's motion for an in camera inspection. These motions pertained to the discovery of Pinnix's medical records, which she alleges include privileged information. For the reasons stated herein, we reverse the rulings of the trial court and remand the matter for an in camera review of the subject medical records.

{¶2} On August 3, 2011, Pinnix filed a personal-injury complaint against Marc's. She alleges that on or about August 5, 2009, she was shopping at a Marc's grocery store when an employee negligently struck her from behind with a cart carrying merchandise. She claims she suffered injuries to her back and other parts of her body and that she incurred medical expenses as a result of the incident.

{¶3} During her deposition, Pinnix testified about a 2007 automobile accident in which she sustained injuries to her back. Marc's counsel then sent a letter to Pinnix's counsel requesting that Pinnix sign a medical authorization for the release of her medical records from 2006 to the present. The authorization was unrestricted and encompassed information "relating to a) sexually transmitted disease b) acquired immunodeficiency syndrome (AIDS) c) human immunodeficiency virus (HIV) d) behavioral or mental health services and e) treatment for alcohol and drug abuse."

{¶4} Pinnix's counsel responded that the request was too broad and encompassed unrelated and privileged records. He indicated that he had requested records for treatment of injuries related to the instant claim as well as the 2007 accident and that he would provide copies of the causally and historically related records once received. He further requested that Marc's sign a qualified protective order. Marc's counsel responded by providing a modified medical authorization, which requested Pinnix's records from January 2007 to the present, but still contained the broad request for information. Pinnix did not sign the authorization.

{¶5} Marc's filed a motion to compel discovery and for sanctions. Pinnix opposed the motion and included an affidavit attesting to the fact that from January 2007 to the present she had received medical care and treatment for multiple conditions, including gynecological care, and that a substantial portion of her records were not causally or historically related to the injuries at issue in the case.

{¶6} The trial court granted the motion to compel and ordered Pinnix to provide executed medical releases to Marc's counsel, without any restriction to the broad scope of information requested. The court denied the request for sanctions. Pinnix then filed a motion for an in camera inspection of the medical records. The trial court denied the motion. Pinnix separately appealed each of these rulings. The appeals have been consolidated for review.

{¶7} Pinnix raises four assignments of error for our review. Her first three assignments of error claim the trial court erred by (1) granting the motion to compel

discovery of her complete medical records for the past five years, (2) ordering her to sign medical releases that permit Marc's to obtain medical records that are privileged, and (3) ordering the release of medical records with no mechanism for determining which records are privileged. Her fourth assignment of error claims the trial court erred in denying her motion for an in camera inspection to determine which records are privileged. We find merit to her arguments.

{¶8} An order compelling the production of allegedly privileged documents to an opposing party is a final appealable order. *Cobb v. Shipman*, 11th Dist. No. 2011–T–0049, 2012-Ohio-1676, ¶ 34-35; R.C. 2505.02(A)(3) and 2505.02(B)(4). Furthermore, when a discovery issue involves an alleged privilege, it is a question of law that we review de novo. *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, ¶ 13.

{¶9} Pursuant to Civ.R. 26, parties are permitted to obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. The party opposing a discovery request has the burden to establish that the requested information would not reasonably lead to discovery of admissible evidence. *State ex rel. Fisher v. Rose Chevrolet, Inc.*, 82 Ohio App.3d 520, 523, 612 N.E.2d 782 (12th Dist.1992).

{¶10} Communications between a doctor and a patient are generally privileged. R.C. 2317.02(B). However, the privilege is waived when the person wishing to assert the privilege has filed a civil action and the records are "related causally or historically to

physical or mental injuries that are relevant to issues in the * * * civil action." R.C. 2317.02(B)(3)(a). Most Ohio appellate courts have concluded that, where there is a factual basis for a dispute over whether medical records are causally and historically related to injuries at issue, the trial court should conduct an in camera review to determine which records are discoverable. *Cargile v. Barrow*, 182 Ohio App.3d 55, 2009-Ohio-371, 911 N.E.2d 911, ¶ 8-12 (1st Dist.); *Mason v. Booker*, 185 Ohio App.3d 19, 2009-Ohio-6198, 922 N.E.2d 1036 (10th Dist.); *Wooten v. Westfield Ins. Co.*, 181 Ohio App.3d 59, 2009-Ohio-494, 907 N.E.2d 1219 (8th Dist.); *Sweet v. Sweet*, 11th Dist. No. 2004-A-0062, 2005-Ohio-7060, ¶ 14-16. The in camera inspection serves two important purposes:

> First, it allows the trial court to make an informed decision as to the evidentiary nature of the material in question rather than depending on the representations of counsel. Secondly, the in camera inspection allows the trial court to discern that aspect of the evidence, which has evidentiary value from that which does not, as well as to allow the trial court to restrict the availability of that evidence, which has limited evidentiary value.

*State v. Geis*, 2 Ohio App.3d 258, 260, 441 N.E.2d 803 (10th Dist.1981).

{¶11} We recognize that the discovery process should be kept as simple as possible and that a trial court does not need to conduct an in camera review in every instance that a privilege is asserted. Moreover, the party claiming the privilege has the burden to show that the records are not causally or historically related. Thus, an in camera inspection is not necessary when there is no "factual basis" justifying the trial court's in camera review.

{¶12} In this case, Marc's sought the disclosure of all of Pinnix's medical records from January 2006 to the present. As Pinnix argues, the authorization form was overbroad and encompassed records relating to sexually transmitted diseases, AIDS and HIV, mental health services, and alcohol and drug abuse treatment. Pinnix, through counsel, offered to obtain and provide copies of the causally and historically related records on the condition that Marc's stipulate to a qualified protective order, but Marc's was not receptive to this resolution to the discovery dispute. Instead, Marc's provided Pinnix with another overly broad medical authorization, requesting Pinnix's records from January 2007 to the present. Pursuant to Civ.R. 37(E), Marc's was required, before filing a motion to compel, to make a reasonable effort to resolve any discovery issues with appellee.

{¶13} Pinnix submitted an affidavit to the court in which she stated she received medical care and treatment for multiple conditions, including gynecological care, which were unrelated to her back injury. As such, Pinnix set forth a reasonable factual basis to establish that the medical records include privileged information that are not causally or historically related to the injuries at issue in this case. While the more prudent course of action would have been for Pinnix to have filed a privilege log in conformance with Civ.R. 26(B)(6)(a), a trial court may not simply ignore the requirements of R.C. 2317.02(B). *Mason*, 185 Ohio App.3d 19, 2009-Ohio-6198, 922 N.E.2d 1036, ¶ 22.

{¶14} We find the trial court erred by essentially ordering full disclosure and in denying Pinnix's request for an in camera review to determine which records are

discoverable. *See Cargile,* 182 Ohio App.3d 55, 2009-Ohio-371, 911 N.E.2d 911, at ¶ 13 (finding an in camera review was warranted where the trial court had no way of knowing whether every medical record for the past five years was historically or causally related to the case).

{¶15} We reiterate that the scope of discovery is broad. A party may be entitled to the discovery of information that would be inadmissible at trial as long as "the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Civ.R. 26(B)(1). It is not unusual to find evidence of other causes for injuries the plaintiff claims are related to the defendant's negligence in seemingly unrelated medical records. Nonetheless, in this matter, the trial court erred in granting an overly broad discovery request when there was a reasonable dispute as to whether some of the medical records are causally and historically related to the personal-injury action.

{¶16} Upon remand, we direct the trial court to conduct an in camera review of the requested medical records to determine which records are discoverable. Pinnix shall submit the medical records under seal. Further, Pinnix shall construct a privilege log in conformance with Civ.R. 26(B)(6)(a), which instructs as follows:

> When information subject to discovery is withheld on a claim that it is privileged * * *, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{¶17} Judgment reversed, and case remanded with instructions for an in camera review.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR