**PENWELL, Appellant,**

v.

**NANAVATI et al., Appellees.**

[Cite as *Penwell v. Nanavati,* 154 Ohio App.3d 96, 2003-Ohio-4628.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–03–14.

Decided Sept. 2, 2003.

Bernard K. Bauer, for appellant.

Theodore M. Munsell, for appellees.

WALTERS, Judge.

{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.

{¶ 2} Plaintiff-appellant, Michael R. Penwell ("appellant"), appeals from a Marion County Common Pleas Court decision in a medical malpractice action against defendants-appellees, Dr. Dhiren Nanavati, M.D. ("Dr. Nanavati"), and his employer, the Frederick C. Smith Clinic, Inc. ("Smith Clinic"—collectively "appellees"), directing appellant to identify all physicians and medical facilities that had provided him medical treatment in the past five years and to produce copies of all medical records for all treatment received in the past ten years. On appeal, Appellant argues that the trial court erred by ordering the disclosure of privileged material without permitting an opportunity to respond to appellees' motion to compel and in absence of an in camera inspection of the privileged material. Because it cannot be said with positive assurance that the requested material includes no privileged communications falling outside the scope of the exception, the trial court should have conducted an in camera inspection and permitted the parties an opportunity to present their respective positions as to the discoverability of the communications before ordering disclosure. Accordingly, we reverse the decision of the trial court and remand for further proceedings consistent with this opinion.

{¶ 3} Appellant initiated the underlying action for injuries he alleges to have suffered as a result of Dr. Nanavati's treatment of a left-wrist fracture. Appellant's complaint included claims for pain and suffering, anxiety, future loss of wages, diminished earning capacity, diminished enjoyment of life, and diminished ability to perform normal activities.

{¶ 4} On August 9, 2002, appellees forwarded interrogatories and requests for production of documents to appellant. On March 18, 2003, appellees moved the trial court to compel appellant to "identify all physicians and medical facilities which have provided him medical treatment in the five years preceding the incident at tissue to present" and to "produce copies of all medical records for treatment he has received in the past ten years." The court granted the motion the following day, ordering appellant to "serve complete responses to defendant's interrogatories and requests for production of documents."

{¶ 5} Appellant appeals from the order directing disclosure of the requested material, presenting a single assignment of error for our review. However, before addressing the merits of this matter, we must address the appellees' contention that the order appealed from is not a final appealable order. R.C. 2505.02(B) provides that an order is final and may be reviewed when the order (1) concerns a provisional remedy;  (2) determines the action with respect

to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy; and (3) the appealing party would not be afforded a meaningful remedy on appeal following final judgment. R.C. 2505.02(A)(3) specifically identifies the discovery of privileged matter as a provisional remedy. Because an order for disclosure determines the action with respect to the provisional remedy and because finding information to be privileged after the fact clearly does not afford the appealing party a meaningful or effective remedy,[1] this court has found entries directing disclosure of privileged material to be final appealable orders.[2] Accordingly, we proceed to address appellants sole assignment of error:

"As a matter of law, the trial court committed error prejudicial to the plaintiff-appellant, by entering an order directing that he produce medical records which were not casually [sic] or historically related to the plaintiff-appellant's injuries claimed in this medical malpractice action without providing an opportunity to respond to the motion of the defendants-appellees to compel discovery and without conducting an in camera inspection of the records."

{¶ 6} Appellant contends that the trial court erred by ordering disclosure of his complete ten-year medical history in absence of an opportunity to respond to the motion to compel and without conducting an in camera inspection of the requested material. For the following reasons, we agree.

{¶ 7} R.C. 2317.02 sets forth the following rules and requirements pertaining to privileged communication:

"The following persons shall not testify in certain respects:

"* * *

"(B)(1) A physician or a dentist concerning a communication made to him by his patient in that relation or his advice to his patient, except as otherwise provided in this division, division (B)(2), and division (B)(3) of this section, and except that, if the patient is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the physician may be compelled to testify on the same subject. The testimonial privilege under this division does not apply and a physician or dentist may testify or may be compelled to testify in any of the following circumstances:

"(a) In any civil action, in accordance with the discovery provisions of the Rules of Civil Procedure in connection with a civil action, or in connection with

---

1. R.C. 2505.02(B)(4)(a) and (b).

2. See, e.g., *Nester v. Lima Mem. Hosp.* (2000), 139 Ohio App.3d 883, 885–886, 745 N.E.2d 1153, appeal not allowed by (2001), 91 Ohio St.3d 1474, 744 N.E.2d 194.

a claim under Chapter 4123. of the Revised Code, under any of the following circumstances:

"* * *

"(iii) If a medical claim * * * is filed by the patient * * *."

{¶ 8} "The underlying rationale for this waiver is to prevent patients from filing personal injury actions and then using the privilege to avoid responding to discovery requests."[3] Expounding thereon, appellees argue that appellant's claims constitute a sweeping waiver of the physician-patient privilege. However, "we are not willing to broaden the scope of an exception where the remaining communications fall squarely with the purview of the statute."[4] Subsection (B)(3)(a) expressly restricts the scope of disclosure provided under subsection (B)(1)(a)(iii) to communications falling within the confines of the exception:

"(3)(a) If the testimonial privilege described in division (B)(1) of this section does not apply as provided in division (B)(1)(a)(iii) of this section, a physician or dentist may be compelled to testify or to submit to discovery under the Rules of Civil Procedure only as to a communication made to him by the patient in question in that relation, or his advice to the patient in question, that related causally or historically to physical or mental injuries that are relevant to issues in the medical claim * * *."[5]

{¶ 9} Appellant has alleged myriad physical and mental ailments, which he claims all stem from Dr. Nanavati's treatment of his left wrist. These problems include chronic pain and suffering, anxiety, lost wages, diminished earning capacity, diminished enjoyment of life, and diminished ability to perform normal activities. Admittedly, this extensive range of allegations may well place nearly the entirety of appellant's medical history at issue. In this regard, we recognize that circumstances may arise wherein the need for an in camera inspection is obviated because the discoverability of the material is apparent from the nature of the action, scope of the request, and a tailored order for disclosure. However, in *Nester v. Lima Memorial Hospital*, we found that where, as here, it cannot be said with positive assurance that the requested communications include no privileged material falling outside of the scope of the exception, the trial court should conduct an in camera inspection and permit the parties an opportunity to present their respective positions as to the discoverability of the privileged

---

3. *Wargo v. Buck* (1997), 123 Ohio App.3d 110, 120, 703 N.E.2d 811.

4. *State v. Orwick*, 153 Ohio App.3d 65, 2003-Ohio-2682, 790 N.E.2d 1238, at ¶ 23 (citations omitted).

5. See 145 Ohio Laws, Part III, 5451, 5459.

material before ordering disclosure.[6] Accordingly, appellant's assignment of error must be sustained.

{¶ 10} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the Marion County Common Pleas Court and remand the matter for further proceedings consistent with this opinion.

Judgment reversed<br>and cause remanded.

SHAW and CUPP, JJ., concur.

---

6. *Nester,* 139 Ohio App.3d at 887, 745 N.E.2d 1153, citing *Peyko v. Frederick* (1986), 25 Ohio St.3d 164, 25 OBR 207, 495 N.E.2d 918; *Weierman v. Mardis* (1994), 101 Ohio App.3d 774, 656 N.E.2d 734.