**CARGILE et al., Appellants,**

**v.**

**BARROW et al., Appellees.**

[Cite as *Cargile v. Barrow,* 182 Ohio App.3d 55, 2009-Ohio-371.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–080423.

Decided Jan. 30, 2009.

Michael D. Weisensel, for appellants.

Freund, Freeze & Arnold and Thomas B. Bruns, for appellee John Barrow.

MARK P. PAINTER, Presiding Judge.

{¶ 1} John Barrow hit Joyce Cargile's car with his car; Cargile sued. She alleged that the accident had caused her to suffer neck, leg, back, and head pain.

{¶ 2} Barrow requested discovery from Cargile, including a blank authorization for all of Cargile's medical records. Cargile refused. Barrow alleged in various documents that Cargile had admitted in discovery responses that she had suffered from headaches and leg pain before the accident. (That piece of discovery is not part of the record.)

{¶ 3} While Cargile released records for some medical providers, she refused to release all records, citing doctor-patient confidentiality. In addition to doctors treating Cargile for her alleged collision-related injuries, Barrow sought authorizations for records from Cargile's allergist, urologist, eye doctor, and a doctor who had removed a tumor from Cargile's back. Cargile asserted that there was no historical or causal connection between those records and the case at hand.

{¶ 4} The trial court granted Barrow's motion to compel and ordered Cargile to release *all* of her medical records from the five years before the collision. Cargile now appeals, asserting that the trial court should have conducted an in camera inspection of the records to determine if they were historically or causally connected to the case at hand. Cargile is correct—the trial court should have first determined if the records were privileged before it ordered Cargile to release them.

### I. *Overwhelming Support for In Camera Review before Disclosure*

{¶ 5} While we generally apply an abuse-of-discretion standard of review for discovery orders, when discovery involves questions of privilege, we review the order de novo.[1]

{¶ 6} Civ.R. 26 defines the scope of discovery. "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."

{¶ 7} Communications between patients and their physicians are privileged.[2] But this privilege ends when the person wishing to assert the privilege has filed a civil action, and the records are, in the words of the statute, "related causally or historically to physical or mental injuries that are relevant to issues in the * * * civil action."[3]

{¶ 8} The Ohio Supreme Court in *Peyko v. Frederick* determined that when a party asserts attorney-client privilege, "the trial court shall determine by in camera inspection which portions of the file, if any, are so privileged."[4] Although *Peyko* was about attorney-client privilege in a case involving insurance claims, it is instructive here. The Supreme Court recognized that while some records were

---

1. *Flynn v. Univ. Hosp., Inc.*, 172 Ohio App.3d 775, 2007-Ohio-4468, 876 N.E.2d 1300, at ¶ 4; *Roe v. Planned Parenthood*, 173 Ohio App.3d 414, 2007-Ohio-4318, 878 N.E.2d 1061, at ¶ 18, discretionary appeal allowed, 117 Ohio St.3d 1443, 2008-Ohio-1279, 883 N.E.2d 459.

2. R.C. 2317.02(B).

3. R.C. 2317.02(B)(3)(a).

4. *Peyko v. Frederick* (1986), 25 Ohio St.3d 164, 25 OBR 207, 495 N.E.2d 918, at paragraph two of the syllabus.

discoverable because they were sufficiently related to the case at hand, it was the duty of the trial court to ensure that privileged records were not released when they were not historically or causally related to the action.

{¶ 9} And many Ohio appellate courts have held that when there is a dispute over whether a medical record is sufficiently connected to a pending civil action, an in camera review of the medical record is necessary to determine if the record is privileged.[5]

{¶ 10} This court heard a case that involved medical records in *Weierman v. Mardis*, which involved a will contest.[6] The plaintiff had alleged that the testator had been of unsound mind and had been subjected to undue influence and duress when he had created his will. In discovery, the plaintiff had requested the testator's medical records. This court ruled that the trial court was required to conduct an in camera inspection of the records to determine which records were discoverable.[7]

{¶ 11} Other states have also determined that a trial court must conduct an in camera review of medical records before granting a party access to them.[8]

## II. The Trial Court Should Have Conducted an In Camera Review

{¶ 12} In this case, the trial court ordered Cargile to disclose all medical records from five years before the car accident. Based on *Peyko, Weierman*, cases from other appellate districts, and guidance from other states, we hold that when there is a dispute about whether records are privileged, and when a party reasonably asserts that records should remain privileged, the trial court must conduct an in camera inspection of the records to determine if they are discoverable. In most cases, whether asserting the privilege was reasonable will require an in camera review—but we caution that unreasonably asserting the privilege may subject a party to sanctions by the trial court.

---

5. *Nester v. Lima Mem. Hosp.* (2000), 139 Ohio App.3d 883, 887, 745 N.E.2d 1153; *Folmar v. Griffin*, 166 Ohio App.3d 154, 2006-Ohio-1849, 849 N.E.2d 324, at ¶ 25; *Akers v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 04–AP–575, 2005-Ohio-5160, 2005 WL 2387615, at ¶ 16; *Ward v. Johnson's Industrial Caterers, Inc.* (June 25, 1998), 10th Dist. No. 97APE11–1531, 1998 WL 336786; *Neftzer v. Neftzer* (2000), 140 Ohio App.3d 618, 622, 748 N.E.2d 608.

6. *Weierman v. Mardis* (1994), 101 Ohio App.3d 774, 656 N.E.2d 734.

7. Id. at 776, 656 N.E.2d 734.

8. *Cardenas v. Jerath* (Colo.2008), 180 P.3d 415; *Barker v. Barker* (Fla.App.2005), 909 So.2d 333, 338; *Baptist Mem. Hosp.-Union Cty. v. Johnson* (Miss.2000), 754 So.2d 1165; *Pina v. Espinoza* (2001), 130 N.M. 661, 29 P.3d 1062; *Mayer v. Cusyck* (2001), 284 A.D.2d 937, 725 N.Y.S.2d 782; *Stewart v. Crouch* (Sept. 25, 1996), Tex.App. No. 04–96–00165–CV, 1996 WL 543272.

{¶ 13} While Cargile has waived the privilege for some of her medical records because she filed this action, the trial court had no way of knowing whether every medical record for the past five years was historically or causally related to her personal-injury case.  The trial court cannot deny Cargile the right to keep medical records private if they have no bearing on this case.

{¶ 14} For the foregoing reasons, we reverse the trial court's discovery order and remand this case for further proceedings consistent with this decision.

Judgment reversed<br>
and cause remanded.

SUNDERMANN and CUNNINGHAM, JJ., concur.