MASON, Appellant,

v.

BOOKER, Appellee.

[Cite as *Mason v. Booker*, 185 Ohio App.3d 19, 2009-Ohio-6198.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–500.

Decided Nov. 24, 2009.

Michael T. Irwin, for appellant.

Todd J. McKenna, for appellee.

FRENCH, Presiding Judge.

I. Introduction

{¶ 1} Plaintiff-appellant, Mary Mason, appeals the judgment of the Franklin County Court of Common Pleas, which ordered her to release medical records requested by defendant-appellee, Kristina A. Booker. In this appeal, we consider

whether a trial court's order to produce medical records is a final, appealable order and then consider the limitations upon a trial court's order to produce medical records. As we detail below, we conclude that the court's order is final and appealable, and the trial court erred by ordering appellant to release the specified records without first conducting an in-camera inspection to determine their relevance. Therefore, we reverse.

A. Background

{¶ 2} Appellant filed a lawsuit against appellee for injuries resulting from an automobile accident. In her complaint, she alleged that appellee's negligence caused her to sustain injuries to her ribs, neck, low back, and right knee. These injuries required her to have knee surgery and caused her permanent pain, suffering, and loss of enjoyment of life. She sought compensatory damages in the amount of $250,000.

{¶ 3} In the course of discovery, appellee asked appellant to sign authorizations for the release of appellant's medical records. Contending that appellee sought privileged records irrelevant to her complaint, appellant refused to sign the releases. Thereafter, the parties engaged in discussions that were ultimately unsatisfactory to both. Appellee filed a motion to compel appellant's signature on releases authorizing the release of her medical records and to compel her attendance at an independent medical exam ("IME").

{¶ 4} In an entry dated April 29, 2009, the trial court granted appellee's motion to compel. The trial court stated that it would preclude all medical evidence at trial if appellant did not sign "ALL" the medical releases. The court stated: "All of [appellant's] medical records are discoverable." The court also ordered appellant to appear for an IME, at her expense.

{¶ 5} Appellant immediately appealed the April 29, 2009 entry to this court. We denied appellant's request for a stay pending appeal.

{¶ 6} At a mediation conference before this court's mediator, the parties reached a tentative settlement as to some issues. Pursuant to the parties' joint motion, on June 24, 2009, this court remanded the matter to the trial court "for the limited purpose of permitting the trial court to determine the issues before it."

{¶ 7} On remand, the trial court issued a judgment entry dated August 5, 2009. The entry required appellant to provide an authorization and release of all medical records from Doctors Hospital. The court also extended discovery to allow a defense medical examination on or before September 30, 2009.

B.  Questions Presented

{¶ 8} While the case was pending on limited remand before the trial court, appellant filed her brief in this court, and she stated that she is appealing the trial court's April 29, 2009 entry.  With respect to that entry, she raises the following assignments of error:

[I.]  The trial court erred in requiring [appellant] to produce any and all medical records in contravention of R.C. 2317.02(b)(3)(a).

[II.]  The trial court erred in failing to conduct an in-camera inspection of medical records which are privileged and not causally or historically related to claimed injuries.

{¶ 9} As an initial matter, we must determine which of the court's entries is properly before us.  Although appellant's brief addresses the April 29, 2009 entry and its order that appellant produce all medical records, the court modified that order when it issued the August 5, 2009 judgment entry, which ordered appellant to produce only records from Doctors Hospital.  In her reply brief, appellant contends that the trial court's August 5, 2009 order is still unlawful because it requires appellant to produce any and all records from Doctors Hospital, not just those records relevant to her lawsuit.  We will confine our review to the August 5, 2009 judgment entry.  Therefore, appellant's first assignment of error is moot.

II.  Analysis

A.  Final, Appealable Order

■ {¶ 10} We first consider whether the August 5, 2009 judgment entry is a final, appealable order pursuant to R.C. 2505.02.  In her motion to dismiss, appellee contends that it is an interlocutory order not subject to review at this time.  Appellee also contends that appellant agreed to provide the disputed records, and the issue is moot.

{¶ 11} While discovery orders are not generally subject to immediate appeal, this court has recognized an exception where a discovery order requires the disclosure of communications between a physician and patient, communications that are ordinarily privileged pursuant to R.C. 2317.02(B).  *Talvan v. Siegel* (1992), 80 Ohio App.3d 781, 784, 610 N.E.2d 1120.  This court and many others have held expressly that a trial court order compelling disclosure of information concerning physician-patient confidentiality constitutes a final, appealable order under R.C. 2505.02.  See *Talvan* at 784, 610 N.E.2d 1120, and cases cited therein.  See also *Penwell v. Nanavati*, 154 Ohio App.3d 96, 2003-Ohio-4628, 796 N.E.2d 78, ¶ 5; *Grant v. Collier* (Feb. 17, 1992), 2d Dist. No. 12670, 1992 WL 28161.  Accordingly, in *Talvan*, we concluded that the order appealed from was appeal-

able under R.C. 2505.02 as an order affecting a substantial right made in a special proceeding.

{¶ 12} Applying *Talvan* here, we similarly conclude that the August 5, 2009 order is final and appealable under R.C. 2505.02. Therefore, we deny appellee's motion to dismiss.

### B. R.C. 2317.02(B) and Physician–Patient Privilege

{¶ 13} In her second assignment of error, appellant contends that the trial court erred by ordering the release of privileged medical records without first conducting an in-camera inspection to determine their relevance to appellant's claimed injuries. We agree.

{¶ 14} In Ohio, R.C. 2317.02(B) governs the physician-patient privilege and any waiver of that privilege. That statute generally precludes a physician from testifying concerning a communication made by a patient to the physician or the physician's advice to the patient. R.C. 2317.02(B)(1). In certain circumstances, however, the general privilege does not apply. Important for our purposes here, if a patient files a civil action, a physician may be compelled to testify or to submit to discovery in that action as to communications between the patient and physician "that related causally or historically to physical or mental injuries that are relevant to issues" in the action. R.C. 2317.02(B)(3)(a). See also R.C. 2317.02(B)(1)(a)(iii). Thus, under the statute, the filing of any civil action waives the physician-patient privilege as to any communication (including a medical record) that relates causally or historically to the injuries at issue in the action. *Natl. City Bank v. Rainer* (Aug. 12, 1999), 10th Dist. No. 98AP–1170, 1999 WL 604150; *Ward v. Johnson's Indus. Caterers, Inc.* (June 25, 1998), 10th Dist. No. 97APE11–1531, 1998 WL 336786.

{¶ 15} As applied to this case, appellee may discover medical records that relate causally or historically to injuries that are relevant to the issues in this case. Appellant contends that she executed medical-records-release authorizations that would allow release of medical records relative to the parts of her body injured in the collision with appellee. Appellee responds that appellant's claims of injury cover much of her body, that it would be difficult for a medical-service provider to determine what records are responsive to a limited release, and that appellant should not be in a position to decide what records are relevant.

{¶ 16} As reflected in the case law in this arena, disputes over the discovery of medical records are not uncommon. Ordinarily, we review a trial court's action regarding discovery issues for an abuse of discretion. *Tracy v. Merrell Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 151–152, 569 N.E.2d 875. When the discovery involves questions of privilege, however, we

review the order de novo. *Ward,* 1998 WL 336786; *Cargile v. Barrow,* 182 Ohio App.3d 55, 2009-Ohio-371, 911 N.E.2d 911, ¶ 5.

{¶ 17} In *Ward,* this court concluded that the trial court erred by ordering a plaintiff to execute a general medical-records release when the plaintiff requested an in-camera inspection to determine what records were causally or historically related to the claims at issue, but the trial court failed to conduct one. In doing so, we rejected the argument that the appropriate time for determining whether the records were causally or historically related to the injuries at issue is at trial. Instead, we noted that R.C. 2317.02(B)(2) protects medical records from disclosure during discovery. We stated: "Hence, the protection afforded under the statute covers discovery and, therefore, it is entirely proper for a trial court to, if necessary, determine at the discovery phase what is causally or historically related." *Ward,* 1998 WL 336786, *5; see also *Cargile,* 182 Ohio App.3d 55, 2009-Ohio-371, 911 N.E.2d 911, ¶ 12 ("when there is a dispute about whether records are privileged, and when a party reasonably asserts that records should remain privileged, the trial court must conduct an in camera inspection of the records to determine if they are discoverable"); *Folmar v. Griffin,* 166 Ohio App.3d 154, 2006-Ohio-1849, 849 N.E.2d 324, ¶ 24 (citing numerous cases in which "courts of appeals have held that a trial court must conduct an in camera inspection of records to determine whether they are causally or historically related to the issues on a given case").

{¶ 18} We noted in *Ward* that not every discovery dispute requires trial court involvement, but nevertheless concluded that the facts in *Ward* warranted involvement. Id., 1998 WL 336786, *6. We also recounted the procedural history, which is similar to the case before us. ("Appellees believed they needed all medical records. Appellant asserted only medical records regarding her neck, shoulders, low back and left leg were discoverable.") Id. Once the dispute between the parties became apparent, this court held, "the trial court should have conducted an *in camera* review of appellant's medical records in order to ascertain what was causally or historically related." Id. at *5.

{¶ 19} Here, appellee acknowledges the potential need for an in camera inspection of disputed records, but contends that appellant never asked the trial court for an in camera inspection prior to the April 29, 2009 order. This court has refused to find error where a trial court did not conduct an in camera inspection, but the appealing party had not requested one. *Natl. City,* 1999 WL 604150. But compare *Wooten v. Westfield Ins. Co.,* 181 Ohio App.3d 59, 2009-Ohio-494, 907 N.E.2d 1219 (reversing a trial court's order to disclose medical records when the trial court had not conducted an in camera inspection, even though the appealing party had not requested one). As we noted at the outset, however, the trial court modified the April 29, 2009 order by issuing the August 5,

2009 order, which compels appellant to sign a release for all Doctors Hospital records. Appellee does not dispute that appellant informally asked the trial court to conduct an in camera inspection of at least some of the disputed records, and the court refused.

{¶ 20} Our only indication from this record that the trial court may have considered appellant's arguments and limited the disclosure accordingly is that the August 5, 2009 order requires disclosure of Doctors Hospital records only. There is no indication, however, that the court determined that all Doctors Hospital records are causally or historically related to the injuries at issue. Nor does appellee state that the trial court made that determination.

{¶ 21} Appellee also states that appellant's counsel agreed to provide all Doctors Hospital records because his March 27, 2009 letter states that the enclosed authorization would allow appellee's counsel to obtain Doctors Hospital records from November 2003 through the date of the collision. The authorization enclosed with the letter, however, expressly limited the disclosure to records concerning appellant's right knee, neck, and low back. We find nothing in the record suggesting that appellant agreed to full disclosure.

{¶ 22} We acknowledge that there are many methods for obtaining medical records and determining their relevance before requiring their disclosure in discovery. See, e.g., *Natl. City,* 1999 WL 604150 (identifying multiple ways in which a trial court may protect privileged medical records from disclosure); *Folmar,* 166 Ohio App.3d 154, 2006-Ohio-1849, 849 N.E.2d 324, at ¶ 25 (directing the trial court to order that disputed records be transmitted under seal for the court's in camera review). See also *Penwell,* 154 Ohio App.3d 96, 2003-Ohio-4628, 796 N.E.2d 78, at ¶ 9 (recognizing "that circumstances may arise wherein the need for an in camera inspection is obviated because the discoverability of the material is apparent from the nature of the action, scope of the request, and a tailored order for disclosure"). In the end, we intend no intrusion upon a trial court's authority to determine the most appropriate method for protecting privileged medical records in a given case. A trial court may not, however, simply ignore the requirements of R.C. 2317.02(B).

{¶ 23} Because the trial court did not determine, upon request, whether the records it ordered disclosed are causally or historically related to appellant's claimed injuries, we reverse the trial court's August 5, 2009 order. We express no opinion as to whether the Doctors Hospital records, or any other records, are related to appellant's claimed injuries, nor do we express an opinion as to whether appellant's claims of privilege are reasonable. We sustain appellant's second assignment of error.

III.   Conclusion

{¶ 24} In conclusion, we overrule appellant's first assignment of error as moot and sustain appellant's second assignment of error. We deny appellee's motion to dismiss. Accordingly, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to the trial court for further proceedings.

Judgment reversed
and cause remanded.

BROWN and CONNOR, JJ., concur.