SCOTT ELLIOTT SMITH COMPANY, L.P.A., Appellant,

v.

CARASALINA, L.L.C. et al., Appellees; Smith Phillips
& Associates Co., L.P.A., et al., Appellants.

[Cite as *Scott Elliott Smith Co., L.P.A. v. Carasalina,
L.L.C.*, 192 Ohio App.3d 794, 2011-Ohio-1602.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–1101.

Decided March 31, 2011.

Crabbe, Brown & James, and Christina L. Corl, for appellants.

Chuparkoff Law Offices and Mark A. Chuparkoff, for appellee Carasalina, L.L.C.

Jeffrey K. Lucas, for appellees Big Thumb, L.L.C., Highmark Advisors, L.L.C., and Digital Spark Studio, L.L.C.

Brandt Cook, pro se.

DORRIAN, Judge.

{¶ 1} Plaintiffs, Scott Elliott Smith Company, L.P.A., its predecessor, third-party defendant Smith Phillips & Associates Company, L.P.A., and third-party defendant Scott Elliot Smith ("appellants"), appeal from an order of the Franklin County Court of Common Pleas denying a motion to quash subpoenas served upon appellants' expert witnesses by defendants Big Thumb, L.L.C., Highmark Advisors, L.L.C., and Digital Spark Studio, L.L.C. ("appellees"). Although not the issuers of the subpoenas in question, defendants Carasalina, L.L.C., and Brandt Cook also filed appellee's briefs in this matter. For the following reasons, we affirm.

{¶ 2} On January 20, 2010, appellants-plaintiffs filed a complaint regarding an alleged breach of a commercial lease with respect to appellants' law firm. Appellants-plaintiffs subsequently filed a first amended complaint on January 27, 2010, and a second amended complaint on June 15, 2010. In their second amended complaint, appellants-plaintiffs asserted eight counts against Carasalina, L.L.C., Brandt Cook, and appellees, including (1) breach of lease, (2) tortious interference with contract, (3) misrepresentation, (4) conversion, (5) invasion of privacy, (6) trespass, (7) interference with business relationships, and (8) bad-faith breach of express or implied contract. Appellants-plaintiffs specifically claimed that appellees had gained access to private property protected by attorney-client privilege by trespassing into their computer system. In addition, appellants-plaintiff's accused appellees of disrupting the daily operations of their law office by denying access to the Internet, computer server, computer equipment, and software. Appellees, as well as defendants Carasalina, L.L.C., and

Brandt Cook, filed answers, counterclaims and third-party complaints in response to the complaint.

{¶ 3} A grossly protracted discovery dispute ensued between the parties, resulting in several motions to compel, motions for contempt, motions to quash, and motions for protective orders. On August 10, 2010, the parties agreed to a confidentiality stipulation and protective order regarding all discovery matters.

{¶ 4} On November 8, 2010, appellees served subpoenas on two of appellants' expert IT witnesses, Leon Lively and Netwave, in order to defend against the claims raised in appellants' complaint. On November 9, 2010, appellants filed a motion to quash the subpoenas, and on November 17, 2010, the motion was heard by the trial court.

{¶ 5} At the hearing, the trial court allowed both parties to state their arguments on the record, denied the motion to quash, and adopted appellees' proposed order regarding the motion.

{¶ 6} On November 19, 2010, appellants filed a timely notice of appeal. Appellants raise two assignments of error for our consideration:

FIRST ASSIGNMENT OF ERROR

   The trial court erred as a matter of law in denying appellants' motion to quash subpoenas to two (2) expert witnesses, to the extent that the court order fails to allow for redaction of attorney work product information from documents produced.

SECOND ASSIGNMENT OF ERROR

   The trial court erred as a matter of law in denying appellants' motion to quash subpoenas to two (2) expert witnesses to the extent that the order denying the motion to quash allows appellees to log on to the computer systems of the third party expert witnesses and obtain electronic data which will enable the appellees to access the computer system of appellant, revealing attorney/client privileged communications and other confidential information.

{¶ 7} Prior to addressing appellants' assignments of error, we will discuss appellants' motion to strike appellees Big Thumb, L.L.C., Highmark Advisors, L.L.C., Digital Sparks Studio, L.L.C., and Brandt Cook's exhibits A, B, C, E, F, and I, pursuant to App.R. 9, and exhibits E, G, and H, pursuant to App.R. 16(D). Appellees and Brandt Cook filed a memorandum opposing appellants' motion, and appellants filed a reply. Appellants have moved to strike appellees' exhibits because (1) they are not properly in the record and (2) they are cited incorrectly in appellees' brief.

{¶ 8} Appellants also argue that appellees failed to refer to an appendix in its table of contents, citing in error "Local R. 7(F)," which is not a local rule of this

court. We believe that appellants are referring to Loc.R. 7(E) of the Tenth District Court of Appeals.

{¶ 9} Appellants also move to strike Carasalina's exhibits 1 and 2, pursuant to Loc.R. 7(E), because they are not essential to the assignments of error presented on appeal.

{¶ 10} Pursuant to App.R. 9, we agree that exhibits A, B, C, F, and I shall be stricken because they are not properly in the record before this court. Appellees claim that exhibits A and F are in the record attached to appellees' memorandum opposing appellants' motion to quash. Upon review of the record, this court was unable to locate any exhibits attached to appellees' memorandum opposing appellants' motion to quash. However, we decline to strike exhibit E because both parties referred to its contents in their briefs.

{¶ 11} Pursuant to App.R. 16(D), we decline to strike appellees' exhibits E and G for incorrectly citing the record.

{¶ 12} Pursuant to Loc.R. 7(E), we decline to strike appellees' exhibits for failure to refer to an appendix in the table of contents.

{¶ 13} Pursuant to Loc.R. 7(E), we agree that defendant Carasalina's exhibit 1 must be stricken because it is not essential to the assignments of error presented on appeal. Although Carasalina referred to two exhibits in its appendix, it filed only one exhibit for this court's review. Therefore, appellants' motion to strike is granted in part and denied in part.

{¶ 14} An appellate court generally reviews discovery orders under an abuse-of-discretion standard. *Tracy v. Merrell Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 151–152, 569 N.E.2d 875. However, when the discovery order involves questions of privilege, we review it de novo. *Mason v. Booker*, 185 Ohio App.3d 19, 2009-Ohio-6198, 922 N.E.2d 1036, ¶ 16. In *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13, the Supreme Court of Ohio stated that in discovery matters, "whether the information sought is confidential and privileged from disclosure is a question of law." Therefore, "[w]hen a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate." Id.

{¶ 15} Appellants' first assignment of error contends that the trial court erred in denying the motion to quash "to the extent that the court order fails to allow for redaction of attorney work product information from documents produced." We disagree.

{¶ 16} The Ohio Rules of Civil Procedure clearly provide a means for withholding privileged documents from an adversary party in litigation. Civ.R. 26(A), the general rule governing discovery states:

It is the policy of these rules (1) to preserve the right of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases and (2) to prevent an attorney from taking undue advantage of an adversary's industry or efforts.

Further, Civ.R. 26(B)(1) states that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."

{¶ 17} Civ.R. 45(D)(4) states:

When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

In addition, Civ.R. 45(F) clearly provides that "[n]othing in this rule shall be construed to authorize a party to obtain information protected by any privilege recognized by law, or to authorize any person to disclose such information."

{¶ 18} Here, appellants claim that "[t]he communications subject to production pursuant to the subpoena[s] contain communications with counsel for SES pertaining to trial strategy and tactics, legal opinions and other matters clearly covered by the work product doctrine." The record clearly indicates that appellants never made an express claim to the trial court, as required by Civ.R. 45(D)(4), regarding any specific documents alleged to be privileged communications. Appellants certainly have not, at this stage in the litigation, described the nature of the documents or communications sufficiently to enable the demanding party to specifically contest the claim. See Civ.R. 45(D)(4). At the hearing, appellants merely alleged that privileged documents exist but failed to provide the trial court with any evidence in support of their claim. Appellants' attorney stated, "We *will* produce a log of what's not being produced. If there is some objection as to what is not being produced, the standard procedure is there *will* be an in camera inspection. The court *will* determine if there is work product and what confidential information should be kept." (Emphasis added.)

{¶ 19} Appellants also argue that the trial court's order limits their rights to withhold privileged communications because the order is silent on that issue. The civil rules are implicit in any order of the court, including the trial court's order denying appellants' motion to quash. Civ.R. 1(A) states, "These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity." Further, the exceptions to this general rule of applicability, outlined in Civ.R. 1(C), state that the rules shall not apply when

"they would by their nature be clearly inapplicable." Upon careful review of the order, we believe that appellants' rights were not restricted regarding the assertion of privilege as prescribed by Civ.R. 45(D)(4) or (D)(5). Nowhere does the order state that the civil rules do not apply or that they are superseded by the order. Therefore, if privileged communications indeed exist, appellants must adhere to the process set forth in Civ.R. 45(D) in order for the trial court to make an informed determination regarding the same.

{¶ 20} Appellants' first assignment of error is overruled.

{¶ 21} Appellants' second assignment of error contends that the trial court erred in denying the motion to quash because appellees can access appellants' computer system through the expert witnesses' systems and therefore can obtain privileged communications and other confidential information. We disagree.

{¶ 22} First, we believe that the word "document" in the trial court's order refers to both printed documents and electronic data. In the Lively subpoena, "any and all letters, agreements, email, social networking communications, documents, text communication, logs, computer logs, computer files, data, invoices, reports, communications and any form of written or electronic document" are "hereinafter called 'document.' " In the Netwave subpoena, "any and all letters, agreements, email, documents, logs, computer files, data, invoices, reports, communication and any other form of written or electronic document" are also "hereinafter called 'document.' " Appellees, as the drafters of the subpoenas, clearly understand the term "document" to include electronic data, and accordingly, we believe that the trial court had the same understanding.

{¶ 23} The trial court's order directs: "Each document will be examined first by Plaintiffs' counsel and that Plaintiffs' counsel may redact the following items: (a) Current IP addresses, (b) Current passwords to Server User ID's on Scott Smith's systems (Scott Smith meaning all of his related entities and personal systems), and (c) Current SSID's of any wireless routers." Further, the order states, "All documents obtained pursuant to the subpoena shall be subject to the protective order currently in place and any amendments or changes thereto." Therefore, the same safeguards extended to hard-copy documents appear to be extended to electronic data as well.

{¶ 24} Second, based upon the evidence before this court, we are not convinced that appellees can gain access to appellants' computer system through the systems of Netwave or Leon Lively, in order to access privileged or confidential information. Appellants have not provided any evidence in the record to substantiate this claim, and therefore it is merely conjecture and speculation. Because we do not find that there is a possible breach of attorney/client privilege in this

matter, we decline to further address the sanctity and importance of attorney/client privilege in the discovery process.

{¶ 25} Appellants' second assignment of error is overruled.

{¶ 26} Finally, we address appellees' motion for sanctions pursuant to App.R. 23, whereby appellees argue that appellants should pay reasonable expenses, such as attorney fees and costs, due to filing a frivolous appeal. App.R. 23 states, "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." Appellees contend that the appeal is frivolous because appellants filed it (1) for the purpose of delay, (2) to avoid depositions, and (3) to increase the cost of litigation to appellees.

{¶ 27} A frivolous appeal "is essentially one which presents no reasonable question for review." *Talbott v. Fountas* (1984), 16 Ohio App.3d 226, 16 OBR 242, 475 N.E.2d 187. Further, "[t]he purpose of sanctions is to compensate the nonappealing party for the expense of having to defend against a frivolous appeal and to help preserve the appellate calendar for cases that are worthy of consideration." *Coburn v. Auto–Owners Ins. Co.*, 189 Ohio App.3d 322, 2010-Ohio-3327, 938 N.E.2d 400, ¶ 56.

{¶ 28} Here, we determined that the trial court did not err in denying appellants' motion to quash. Notwithstanding our conclusion, this appeal is not frivolous if it raised any valid questions for review. We find that, while their arguments were tenuous and unpersuasive, appellants did raise valid questions for review and therefore we deny appellees' motion for sanctions.

{¶ 29} Having overruled both of appellants' assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

Motion to strike granted in part and denied in part;
motion for sanctions denied;
and judgment affirmed.

KLATT and TYACK, JJ., concur.