[Cite as *Edwards v. Philadelphia Indemnity Ins. Co.*, 2014-Ohio-892.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| WILLIE ANN EDWARDS, | : | APPEAL NO. C-130406 |
|  |  | TRIAL NO.  A-1205591 |
| and | : |  |
| WOODROW EDWARDS, JR., | : |  |
| Plaintiffs-Appellants, | : | *O P I N I O N.* |
| vs. | : |  |
| PHILADELPHIA      INDEMNITY | : |  |
| INSURANCE COMPANY, |  |  |
|  | : |  |
| Defendant-Appellee. |  |  |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  March 12, 2014

*Michael B. Ganson*, for Plaintiffs-Appellants,

*Reminger Co., L.P.A.*, *Robert W. Hojnoski* and *Carrie M. Starts* for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**Sylvia Sieve Hendon, Judge.**

{¶1}   Plaintiffs-appellants Willie Ann Edwards and Woodrow Edwards, Jr., appeal the trial court's judgment denying their motion for a protective order seeking to protect Mrs. Edwards' health information from being disclosed to defendant-appellee Philadelphia Indemnity Insurance Company ("Philadelphia").

{¶2}   In July 2009, Mrs. Edwards was injured in an automobile accident caused by Mary White.  In 2011, with the consent of Philadelphia, the Edwardses settled their claims against White for the policy limits of her automobile-liability insurance.  In July 2012, the Edwardses filed a complaint for underinsured-motorist coverage against Philadelphia.  Philadelphia filed a timely answer, and the parties engaged in discovery.

{¶3}   Philadelphia issued subpoenas duces tecum to CVS Pharmacy and to Walgreens Pharmacy, seeking "[a] copy of any and all pharmacy records pertaining to Willie Ann Edwards * * * for the following dates of service:  January 1, 2000 to present."  In addition, Philadelphia demanded that Mrs. Edwards execute blank authorizations for the release of health information for the same period.  The Edwardses filed a motion for a protective order seeking to protect Mrs. Edwards' health information that was neither historically nor causally related to her claimed injuries under the physician-patient privilege.

{¶4}   Following a hearing, the court denied the Edwardses' motion for a protective order.  The court ordered the Edwardses to "provide a general authorization for all persons or entities that Plaintiffs have identified as having treated Plaintiff Willie Ann Edwards for the period January 1, 2000 to the present."  The court then ordered counsel for both parties to review the records to determine what information was relevant.

{¶5}   The Edwardses now appeal.  In a single assignment of error, they argue that the trial court erred by denying their motion for a protective order.

{¶6} In general, parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Civ.R. 26(B)(1). Communications between physicians and their patients are privileged. R.C. 2317.02(B)(1). However, this privilege ends "when the person wishing to assert the privilege has filed a civil action, and the records are, in the words of the statute, 'related causally or historically to physical or mental injuries that are relevant to issues in the * * * civil action.' " *Cargile v. Barrow*, 182 Ohio App.3d 55, 2009-Ohio-371, 911 N.E.2d 911 (1st Dist.), quoting R.C. 2317.02(B)(3)(a). When a discovery order involves an alleged privilege, we review the order de novo. *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, ¶ 13.

{¶7} In this case, we hold that the trial court erred by ordering the release of all of Mrs. Edwards' medical records for the nine years before the accident without restricting the order to those materials that are historically and causally connected to the case. By ordering the release of all medical records to opposing counsel, the trial court essentially foreclosed any assertion of privilege with respect to those items that were not discoverable under Civ.R. 26.

{¶8} Here, because the discovery order was, on its face, overbroad, we remand this matter to the trial court to restrict its order to only those medical records that are historically or causally related to the case.

Judgment reversed and cause remanded.

**CUNNINGHAM, P.J.,** and **HILDEBRANDT, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.